# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SAMUEL RENE LOPEZ,

    Plaintiff,

v.                                                                              Case No. 1:24-cv-00984-KWR-LF

ALLEGRA HANSON,
ALLEGRA HANSON PC, and
COMPA INDUSTRIES INC.,

    Defendants.

## ORDER

This matter comes before the Court on three motions by plaintiff Samuel Rene Lopez: 1) Motion for Summons, Service, Expedited Hearing and Trial, filed April 21, 2025 (Doc. 15); 2) Motion to Reassign Article III Judge, Refuse Magistrate, Disqualify Magistrate Judge Laura Fashing, Request for Hearing and Service of Motion to Defendants, filed May 5, 2025 (Doc. 16); and 3) Motion to Compel Clerk to Issue Summons, filed May 28, 2025 (Doc. 17). The Court addresses each in turn.

    **I.**    **Motion for Summons, Service, Expedited Hearing and Trial (Doc. 15)**

In this motion, Mr. Lopez requests that the Court "issue summons to the defendants," "issue service to the defendants," and "Expedite a Hearing and a Trial by a Jury of my peers." Doc. 15 at 1–2. If these "duties and obligations" are not "upheld," he "also demand[s] a special appearance within 15 days." *Id.* at 2.

Mr. Lopez's motion to proceed in forma pauperis has been granted. Doc. 7. Pursuant to 28 U.S.C. § 1915(d), when a person proceeds in forma pauperis, the officers of the court shall

serve all process in the case. The Court will do so here, and therefore grants the motion in part.

In a separate motion (Doc. 17), Mr. Lopez indicates that the addresses of the defendants are:

Allegra Hanson
1913 Apple Lane NW
Albuquerque, Bernalillo
New Mexico, 87104

Corporate Address for COMPA – 1350 Central Avenue Ste 201
Los Alamos, Los Alamos
New Mexico, 87544

Allegra Hanson PC
1913 Apple Lane NW
Albuquerque, Bernalillo
New Mexico, 87104

      The Clerk's Office therefore is ordered to mail defendants Allegra Hanson, COMPA Industries Inc., and Allegra Hanson PC requests that they waive service of the summons. The Clerk's Office is ordered to notify defendants Allegra Hanson, COMPA Industries Inc., and Allegra Hanson PC that an action has been commenced against them and request that they each waive service pursuant to Federal Rule of Civil Procedure 4(d). **The notice shall include a copy of this order, a waiver of service form, and plaintiff's operative complaint (Doc. 11)**.

      If defendants Allegra Hanson, COMPA Industries Inc., and Allegra Hanson PC have not returned the waiver of service forms within 45 days after they are mailed, then the Court may order the United States Marshals Service to serve a copy of the summons and amended complaint on the defendants.

      Mr. Lopez's motion to expedite the hearing and trial is denied. The case will proceed according to the Federal Rules of Civil Procedure.

      Mr. Lopez's demand for a special appearance also is denied. A special appearance was a procedure by which a defendant could make a jurisdictional challenge; it has not been recognized

under the Federal Rules of Civil Procedure since 1938. *See Davis v. Ensign-Bickford Co.*, 139 F.2d 624, 627 (8th Cir. 1944); *Investors Royalty Co. v. Mkt. Trend Survey*, 206 F.2d 108, 111 (10th Cir. 1953).

### II. Motion to Reassign Article III Judge, Refuse Magistrate, Disqualify Magistrate Judge Laura Fashing, Request for Hearing and Service of Motion to Defendants (Doc. 16)

In this motion, Mr. Lopez states that because I, Judge Fashing, did not rule on a separate case, No. 1:23-cv-00303-JB-LF, at the pace he desired, he moved to disqualify me from that case. I was not disqualified from the previous case; Judge Browning, the presiding judge, ruled on the merits and dismissed the case without addressing the motion to disqualify me. *See* Case No. 1:23-cv-00303-JB-LF, Doc. 31. Mr. Lopez states in the present case that "[t]o my shock, the previously disqualified Magistrate Judge Laura Fashing was then assigned to 3 of the 7 new cases I filed on these allegations[.]" Doc. 16 at 3. "This assignment happened despite filing the form to Refuse a Magistrate judge." *Id.* He takes objection to the fact that I have not judged on this complaint nor issued summons and service since its filing on September 30, 2024. *Id.* He moves for my disqualification and to "refuse the assignment of a Magistrate." *Id.* at 6. He also "respectfully move[s] the court to reassign to another Article III District Judge than District Judge Kea Riggs." *Id.* at 7. Finally, he requests a hearing on this motion, service of this motion to the defendants, and a special appearance within fifteen days. *Id.*

As a primary matter, the form Mr. Lopez filled out, Doc. 2, does not disqualify me from the case as a whole. Rather, he indicated that he refused to consent to proceed before a United States Magistrate Judge *to conduct dispositive proceedings in this case*. Doc. 2. In accordance with the District of New Mexico's Local Rules, civil cases in this district usually are initially assigned to two magistrate judges: one as the presiding judge, who conducts dispositive

3

proceedings, and one as the referral judge, who normally handles non-dispositive matters, such as discovery disputes or settlement conferences. *See* D.N.M.LR-Civ. 73.1(a). The presiding judge also may be referred to as the "trial Magistrate Judge," and the referral judge as the "pre-trial Magistrate Judge." *Id.* A magistrate judge may conduct dispositive proceedings only with the consent of all parties, so if a party does not consent to a presiding magistrate judge, the case is reassigned to an Article III district judge as presider. D.N.M.LR-Civ. 73.1(b), (c). The referral magistrate judge, however, remains to address non-dispositive matters. D.N.M.LR-Civ 73.1(c). Mr. Lopez's choice not to consent to a magistrate judge *as presider* is perfectly acceptable; nonetheless, a magistrate judge remains attached to the case as the referral judge.

Regarding his efforts to disqualify me from the case, Mr. Lopez does not cite any relevant law. The Tenth Circuit holds that "[t]he decision to recuse is committed to the sound discretion of the district judge." *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987). The United States Code provides a recusal procedure for judges in cases of personal bias, prejudice, or other issues pertaining to problems with impartiality, *see* 28 U.S.C. §§ 144, 455, but Mr. Lopez makes no such allegations here. His only stated basis for my disqualification is that he moved to disqualify me in a different case because he believed it took me too long to rule on his case.

I find that this objection does not satisfy 28 U.S.C. §§ 144 or 455, which pertain to instances when a judge's impartiality is called into question. Further, in the exercise of my discretion, I find that my recusal would be inappropriate in the cases Mr. Lopez has brought for which I am now the referral judge. "There is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as there is for [her] to do so when there is." *Hinman*, 831 F.2d at 939. Here, Mr. Lopez's filings indicate that he wants his cases to move more quickly. Many litigants do. The Court's obligation is to provide timely, accurate, and legally sound rulings

4

for all litigants throughout the district of New Mexico. I do not believe that the duration of the cases—currently less than nine months—warrants my recusal.

I deny Mr. Lopez's request for a hearing and special appearance on this motion as it pertains to me. However, I cannot rule on the motion as it pertains to Judge Riggs because her decision to recuse and, if she chooses, to hold a hearing on that issue, is committed to her sound discretion. *See id.* at 938.

I deny the motion as it pertains to serving a copy of the motion on the defendants. This motion requires no action on the part of the defendants; it therefore does not need to be served on them.

### III.    Motion to Compel Clerk to Issue Summons (Doc. 17)

Finally, Mr. Lopez again moves the Court to compel the Clerk of Court to issue summonses in this case. As stated above, the Court does provide this service to plaintiffs proceeding in forma pauperis. The motion is granted.

### CONCLUSION

The Court GRANTS IN PART AND DENIES IN PART Mr. Lopez's Motion for Summons, Service, Expedited Hearing and Trial (Doc. 15). The Court GRANTS the motion for summons and service, but DENIES it as to an expedited hearing and trial and as to a special appearance.

The Court DEFERS RULING IN PART and DENIES IN PART Mr. Lopez's Motion to Reassign Article III Judge, Refuse Magistrate, Disqualify Magistrate Judge Laura Fashing, Request for Hearing and Service of Motion to Defendants (Doc. 16). The Court DENIES the motion as it pertains to recusing Judge Fashing, obtaining a hearing on the recusal of Judge Fashing, making a special appearance, and serving the motion on defendants. The Court

DEFERS RULING on the motion as it pertains to the recusal of Judge Riggs and any hearings related to that issue, as that issue is for Judge Riggs to decide.

The Court GRANTS Mr. Lopez's Motion to Compel Clerk to Issue Summons (Doc. 17).

It is so ordered.

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE