IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAMUEL RENE LOPEZ,

    Plaintiff,

    v.                                                                              Case No. 1:24-cv-984 KWR/LF

ALLEGRA HANSON, ALLEGRA HANSON P.C., and
COMPA INDUSTRIES, Inc.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to Amend (Doc. 26). Plaintiff seeks leave to amend his complaint to identify the citizenship of the parties, but does not set forth any facts he would include in his amended complaint, or attach his proposed complaint as required under the local rules. Plaintiff also effectively requests that the Court vacate its judgment but does not establish a ground for the Court to vacate its judgment. Having considered the law and the record, the Court finds that Plaintiff's Motion for Leave to Amend is not well-taken and therefore is **DENIED**.

First, Plaintiff's motion for leave to amend does not set forth any reason why the court should grant the motion or set forth the facts he would include in his amended complaint. Rule 7 requires a request for relief to be made by a motion that (1) is in writing, (2) "states with particularity the grounds for seeking the order," and (3) specifies the relief sought. Fed.R.Civ.P. 7(b)(1). "We have recognized the importance of Fed.R.Civ.P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion." *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). It is not arbitrary or

capricious for a district court to deny leave to amend where a party failed to file an adequate motion for leave to amend. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021) ("We have long held that bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court."); *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014) (court did not abuse discretion in denying leave to amend where party did not file a motion); *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("We have recognized the importance of Fed.R.Civ.P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion."); *Glenn v. First National Bank in Grand Junction,* 868 F.2d 368, 369–72 (10th Cir. 1989) ("Appellant did not move the court for leave to amend the complaint and therefore the district judge committed no error in not ruling thereon."). The Court issued orders to show cause why these cases should not be dismissed for lack of subject matter jurisdiction. In those orders to show cause, the Court set forth the relevant standards Plaintiff would have to meet, including the definition of citizenship for individuals, corporations, and LLCs. The Court concluded that Plaintiff did not establish subject matter jurisdiction in his responses to the orders to show cause. In his Motion for Leave to Amend, Plaintiff does not identify *any* facts he would include in the amended complaint, much less additional facts which he did not already include in his responses to the orders to show cause. His motion summarily requests leave to amend to identify the citizenship of the parties.

Second, because Plaintiff files a motion for leave to amend after the entry of judgment, he must satisfy Rule 59(e). *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005). Plaintiff has not argued or satisfied this standard. "Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously

2

unavailable, and (3) the need to correct clear error or prevent manifest injustice.' " *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)); *see also Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (Rule 59(e) relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law.").

However, "[Rule 59(e)] 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' " *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). Additionally, Rule 59 "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see also Servants of Paraclete*, 204 F.3d at 1012 (filing a motion pursuant to Rule 59 is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."). Here, Plaintiff has not argued or demonstrated that the court committed clear error or manifest injustice. Rather, he appears to seek to relitigate old matters or raise arguments or present allegations that could have been raised prior to judgment. Moreover, he does not assert that he has new evidence which was unavailable prior to the entry of judgment, or explain why he could not have presented such evidence prior to the entry of judgment.

Finally, Plaintiff has not attached a proposed amended complaint. Local Rule 15.1 requires that "a proposed amendment to a pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1. The Tenth Circuit has also noted the importance of attaching a proposed amended complaint to a motion for leave to amend. *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023) (*pro se* plaintiff "never separately filed a motion with a proposed amended

3

complaint adding those claims, as required by Federal Rule of Civil Procedure 15(a)(2) and District of Colorado Rule 15.1(b)."). Thus, the Court may deny a motion for leave to amend where a proposed amended complaint is not attached to the motion.

Therefore, Plaintiff's motion for leave to amend is denied for the three alternate reasons above.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend (Doc. 26) is **DENIED**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE